**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **NOE FARID MEDRANO,** * | |
| * | |
| Petitioner, * | |
| * | |
| v. * | Criminal No. RWT-12-0014 |
| * | Civil No. RWT-16-684 |
| **UNITED STATES OF AMERICA,** * | |
| * | |
| Respondent. * | |

## MEMORANDUM OPINION

Following a jury trial, Petitioner Noe Farid Medrano was convicted of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, use of communications device to facilitate narcotics trafficking, in violation of 21 U.S.C. § 843(b), and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C)-(D). He was sentenced to 120 months' imprisonment. ECF No. 513. Now pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 606], Petitioner's Motion to Proceed *In Forma Pauperis* [ECF No. 614], and Petitioner's Motion to Appoint Counsel [ECF No. 615].

## BACKGROUND

Petitioner was prosecuted for crimes relating to his participation in a conspiracy to distribute and possess with intent to distribute significant quantities of cocaine and heroin in Maryland and other states between 2010 and 2012. ECF No. 635 at 2. As part of the conspiracy, Petitioner received approximately three and a half kilos of cocaine to distribute in exchange for money. *Id.* at 2-3. Petitioner was also involved in arranging supply runs for additional drugs and selling handguns. *Id.* at 3.

On January 9, 2012, the grand jury returned a single-count Indictment charging Petitioner and seven other defendants with conspiracy to distribute five kilograms or more of cocaine, and one kilogram or more of heroin in violation of 21 U.S.C. § 846.  ECF No. 1.  On January 30, 2012, the grand jury returned a single-count Superseding Indictment adding three additional defendants.  On February 4, 2013, the grand jury returned a sixteen-count Second Superseding Indictment charging Petitioner with:  conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and one or more kilograms of heroin, in violation of 21 U.S.C. § 846 (Count 1); use of communications device to facilitate narcotics trafficking, in violation of 21 U.S.C. § 843(b) (Counts 8, 10, 12); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count 9); and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (Count 11).

Following a four-week trial, a jury found Petitioner guilty of all charges in the Second Superseding Indictment.  ECF No. 413.  On August 27, 2013, this Court sentenced Petitioner to a term of imprisonment of 120 months on Counts 1 and 9, 40 months on Counts 8, 10, and 12, and 60 months on Count 11, all to run concurrently.  ECF No. 513 at 2.  Petitioner filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 606] on March 9, 2016.  On April 22, 2016, he filed a Motion to Proceed *In Forma Pauperis* [ECF No. 614] and a Motion for Appointment of Counsel [ECF No. 615].  For the reasons that follow, his Motion to Proceed *In Forma Pauperis* will be granted, and his Motion to Vacate and Motion for Appointment of Counsel will be denied.

## STANDARD OF REVIEW

Petitions filed *pro se* are construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Under 28 U.S.C. § 2255, a prisoner in custody may move the court to vacate, set aside,

or correct a sentence if he can prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *See id.*

## DISCUSSION

I.  **Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 606]**

Petitioner raises four grounds in support of his § 2255 Motion, all alleging denial of his Sixth Amendment right to effective assistance of counsel. Petitioner alleges that counsel failed to: (1) investigate Petitioner's severe drug addiction; (2) advise Petitioner of his right to testify on his own behalf; (3) seek severance of Petitioner's trial; and (4) secure a favorable plea agreement. EFC No. 606.

To evaluate ineffective assistance of counsel claims, courts use the two-pronged test articulated in *Strickland v. Washington,* 477 U.S. 668, 687 (1984), which examines both the performance of counsel and prejudice to defendant. Under the performance prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, courts must evaluate the conduct at issue from counsel's perspective at the time and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Lewis v. Wheeler*, 609 F.3d 291, 312 (4th Cir. 2010) (cautioning that judicial scrutiny of counsel's performance must be "highly deferential.").

3

Under the prejudice prong, a defendant must show that counsel's performance prejudiced the defense such that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The likelihood of a different outcome must be substantial. *See id.* at 693 (holding that "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."). Counsel's performance must have resulted in such a breakdown in the adversarial process that it undermines confidence in the result of the proceeding. *Id.* at 696.

Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### a. Ground One: Counsel Allegedly Failed to Investigate Petitioner's Drug Addiction.

Petitioner contends that his trial counsel, Anthony D. Martin, was ineffective for failing to adequately investigate and present evidence of Petitioner's drug addiction. ECF No. 606-2 at 2. Essentially, Petitioner contends that had Mr. Martin investigated his drug addiction, he would have become aware of its severity and would have been able to pursue it as a successful defense. *Id.* at 2-3. This claim is meritless.

First, Petitioner fails to show that counsel's performance was deficient. Choosing what evidence to present and which witnesses to call are "classic tactical decision[s]" left to counsel, and mere disagreement with counsel's decisions is not a sufficient basis for an ineffective assistance of counsel claim. *See United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). Because drug addiction is a "sentencing consideration, not a defense to a drug conspiracy charge," *see* ECF No. 635-1 (Martin Aff. ¶ 12), Mr. Martin's decision not to investigate or present further evidence of his addiction was a tactical one and did not fall below an objective

4

standard of reasonableness such that it constituted ineffective assistance of counsel. *See Strickland*, 466 U.S. at 691 (noting that when a defendant informs counsel of facts supporting a certain line of defense, "the need for further investigation may be considerably diminished or eliminated altogether."); *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (holding that decisions involving trial strategy and tactics may be made without defendant's agreement or consent). This conclusion is bolstered in light of the fact that "there was never a dispute on the part of the government that Mr. Medrano was addicted." ECF No. 635-1 (Martin Aff. ¶ 12).

Second, Petitioner fails to show that Mr. Martin's choice to not investigate his drug addiction prejudiced the results of the trial. Petitioner's own contention that several prosecution witnesses made it "very clear that [he] was heavily addicted to cocaine and was in fact a drug addict" suggests there was already substantial evidence of his addiction presented at trial. *See* ECF No. 606 at 4. Moreover, there is little reason to believe that any additional evidence would have been helpful in negating Petitioner's role in the conspiracy. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (stating that defendants with "slight" participation may be "convicted of conspiracy with little or no knowledge of the entire breadth of the criminal enterprise."). As the Government points out, the record contains several instances of Petitioner's involvement in the alleged conspiracy, including: (1) receiving three and a half kilograms of cocaine for him to distribute, Trial Tr. 652:5-8, ECF No. 549, (2) participating in the scheduling of multiple drug supply runs in exchange for compensation, Trial Tr. 977:5-978:4, ECF No. 558, and (3) selling firearms to other conspirators to use for protection, Trial Tr. 550:10-16, ECF No. 548. The ample evidence supporting Petitioner's participation in the conspiracy as well as the witness testimony that he was a drug addict belies any notion that additional evidence showing he was an addict would have resulted in a different outcome at trial. Therefore,

Petitioner is unable to show that he was prejudiced by Mr. Martin's alleged ineffective assistance.

### b. Ground Two: Counsel Allegedly Failed to Advise Petitioner of His Right to Testify on His Own Behalf.

Petitioner next contends that Mr. Martin was ineffective because he failed to advise Petitioner of his right to testify at trial. EFC No. 606-2 at 3-4. Petitioner asserts that had he known of this right, he would have exercised it to "corroborate[] the testimony of the government witnesses that testified to the petitioner's drug use and severe addiction to cocaine." *Id.* at 4-5. Petitioner argues that "had the jury heard [his] own words regarding involvement in the alleged conspiracy, the outcome of the proceeding could have been different." *Id.* at 5.

Petitioner's claims are without merit. There is no indication in the trial record that Petitioner was unaware of this right, nor is there any hint of him ever asserting a desire to exercise it. When the Court asked Petitioner if he understood his right to testify, he answered affirmatively:

> THE COURT: All right. Mr. Medrano, you have –
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: -- heard me discuss what are your rights in terms of testifying or not testifying. And I want to make sure that you have -- understand your right to testify or not testify. Do you understand your right to testify or not testify?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: And is it your decision not to testify?
>
> DEFENDANT: Yes, Your Honor.

Trial Tr. 10:7-16, ECF No. 544. He also affirmed that he discussed the decision with his attorney. *Id.* 11:3-4. Because the trial record provides indisputable evidence that Petitioner was advised of his right to testify, he has alleged neither deficient performance nor prejudice.

6

### c. Ground Three: Counsel Allegedly Failed to Seek Severance of Petitioner's Trial.

Petitioner contends that Mr. Martin was ineffective for failing to move to sever his trial from that of his co-defendants, and that his status as a drug addict was a sufficient basis to support a motion to sever. EFC No. 606-2 at 5. Petitioner argues that had Mr. Martin moved to sever, "the sole defense counsel could have presented would have been the petitioner's cocaine addiction which resulted in the buyer and seller relationship." *Id.* Petitioner again fails to adequately allege that Mr. Martin's performance was deficient or that he was prejudiced by any deficiency.

First, Mr. Martin's decision not to file a pre-trial motion to sever does not amount to ineffective assistance of counsel. Like deciding which witnesses and evidence to present, choosing whether to move for severance is a classic tactical decision properly left to counsel's discretion. *See Chapman*, 593 F.3d at 369 ("If the decision is a tactical one left to the sound judgment of counsel, the decision must be just that—left to the judgment of counsel"). When codefendants have been properly joined under Rule 8(b), severance under Rule 14 is justified only where there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (noting that codefendants are "not entitled to severance merely because they may have a better chance of acquittal in a separate trial."). Cognizant of this standard, Mr. Martin determined that "in [his] professional experience the facts of Mr. Medrano's case would not have lent themselves to a viable Motion to Sever." EFC No. 635-1 ¶ 13. Petitioner cannot succeed in showing ineffective performance by counsel simply because, in hindsight, he disagrees with Mr. Martin's professional assessment. *See*

7

*Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.").

Second, Petitioner cannot show that Mr. Martin's decision resulted in prejudice. When the risk of prejudice arises in a joint trial from the perceived differences between each defendant's role in a conspiracy, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. Harris*, 498 F.3d 278, 291 (4th Cir. 2007) (prejudice resulting from introduction of codefendant in gang video remedied by a limiting instruction). This Court provided a limiting instruction at trial, thereby eliminating any potential risk to Petitioner of the jury conflating his role in the conspiracy with his codefendants' roles:

> "[A] simple buyer-seller seller relationship alone does not make out a conspiracy. A buyer-seller relationship however may be sufficient if it is coupled with other evidence indicating a common purpose, such as an ongoing or continuing relationship, continuous sales, sales on credit or fronting, an awareness that the drugs purchased by the buyer are to be resold or knowledge of a broader illegal venture."

Trial Tr. 1630:3-10, ECF No. 557. Not only was the jury provided with ample testimony about Petitioner's drug addiction at trial, but following the Court's instruction, the jury was aware that it could not convict Petitioner if it found that his role was limited to supporting his addiction. Because juries are presumed to follow instructions, Petitioner cannot show that there was a reasonable probability that Mr. Martin's decision not to file a motion to sever prejudiced his trial such that it undermines confidence in the outcome. *See Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985) ("[W]e adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions.").

### d.  Ground Four:  Counsel Allegedly Failed to Seek a Favorable Plea Deal.

Petitioner's final ground in support of his motion alleges that Mr. Martin was ineffective for failing to secure a plea deal that was "favorable and reasonable."  EFC No. 606-2 at 6.  Here, again, Petitioner relies on his drug addiction.  Engaging in pure speculation, Petitioner claims that had counsel emphasized his addiction in plea negotiations, "there would have been the likelihood the government would have probably agreed to a sixty months sentence deal or probation and treatment."  *Id.*

Mr. Martin's performance during the plea negotiation process was reasonable.  Mr. Martin continuously pursued a plea deal, communicated the Government's offer to Petitioner, and extensively reviewed that offer with Petitioner.  EFC No. 635-1 (Martin Aff. ¶ 10).  That Petitioner may have wanted more favorable terms than what the Government offered, and he rejected, does not mean that the Government would have been willing to offer him these terms had Mr. Martin emphasized different points during the plea negotiations.  *See* ECF No. 635 at 9.  Petitioner provides nothing more than mere conjecture when he asserts that his counsel's performance during plea negotiations was deficient, or that he was prejudiced by any deficiency.

### e.  Conclusion

Because the records and files in this case conclusively show that Petitioner is entitled to no relief on his ineffective assistance of counsel claims, he is not entitled to an evidentiary hearing and his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 606] will be denied.

### II. Petitioner's Motion for Appointment of Counsel [ECF No. 615] and Motion to Proceed *In Forma Pauperis* [ECF No. 614]

18 U.S.C. § 3006A provides that a person seeking relief under 28 U.S.C. § 2255 may be appointed counsel if the "court determines that the interests of justice so require." Because the records and files of this case conclusively determine that Petitioner is entitled to no relief, the Court finds that the interests of justice do not require appointment of counsel. Therefore, Petitioner's Motion for Appointment of Counsel [ECF No. 615] will be denied. Petitioner's Motion to Proceed *In Forma Pauperis* [ECF No. 614] will be granted.

### CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009). As shown above, Petitioner's claims are meritless. No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability will issue. A separate Order follows.

Date:  July 27, 2017                                  /s/
                                                      Roger W. Titus
                                                      United States District Judge